Per Curiam.

The instruction to the jury was in itself correct. It was in the power of the plaintiff to designate which articles he had attached, but he refused to do so and claimed the whole ; so that the defendants were obliged to take the whole, in order to obtain a lien on those which "had, not been attached. The same principle applies here as in the case of a stranger’s goods intermixed with those of the debtor.[1]
The objection is however rather to the time than to the matter of the instruction. It is said the plaintiff had not an opportunity to comment on the point made by the defendants, and to produce counteracting evidence ; and there may have been ,some inconvenience in the course pursued; for though probably no further evidence remained to be adduced, yet it is to be expected that all the material points will be suggested before the judge begins to sum up. But *483 the judge may think of some point which the counsel did not, or vice versa ; and if it is based on the facts in the case, stating it to the jury will not be a ground for a new trial. It is a matter within the discretion of the judge. If evidence could have been given which would have shown the suggestion to be of no force, the party may have the benefit of it utpon a petition for a new trial; so that no injury will be done. In the case referred to, of Davis v. Mason, the openng ai ; closing of the argument was considered to be a matter of right; but here the course of proceeding was discretionary, and as no injustice appears to have been done, a new trial cannot be granted.

Judgment according to verdict.

 See Lewis v. Whittemore, 5 N. Hampsh. R. 364.